UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 2:24-cr-41-TPB-KCD

VINCENT EDWARD WARDLOW,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS"**

This matter is before the Court on Defendant Vincent Edward Wardlow's "Motion to Suppress," filed by counsel on June 12, 2024. (Doc. 27). On June 24, 2024, the United States of America filed a response in opposition to the motion. (Doc. 32). The Court held a hearing with witness testimony on July 19, 2024. (Doc. 42). After reviewing the motion, response, testimony, evidence, closing arguments, court file, and the record, the Court finds as follows:

**Background**

Defendant is charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On March 19, 2023, at around 3:30 am, he was driving his mother's vehicle – with his mother's knowledge and consent – southbound on McGregor Blvd in the vicinity of Montrose Drive in Lee County, Florida. According to law enforcement, he was traveling sixty-seven miles per hour, measured by radar, which exceeded the posted speed limit. Lee County Deputy Derek Matera, then on marked uniform patrol, conducted a traffic stop. Although the vehicle was traveling at a high rate of speed, and Defendant's windows were up,

Deputy Matera claimed he could smell a strong odor of marijuana emanating from Defendant's vehicle as he traveled behind him in pursuit.

After Defendant came to a stop, Deputy Matera approached the driver side window and asked for Defendant's driver's license, insurance, and registration pursuant to usual law enforcement procedures. Defendant produced the requested documents. However, while speaking with Defendant, Deputy Matera stated he was "met with an overwhelming odor of marijuana coming from the vehicle." But a subsequent search of the vehicle did not reveal the presence of marijuana – to the contrary, the vehicle was immaculately clean.

The search did reveal, however, a Smith and Wesson handgun underneath the passenger seat. Defendant was not arrested at the time. The firearm was seized and submitted for DNA analysis, and a report from the Florida Department of Law Enforcement purports to match DNA samples found on the firearm to Defendant. As such, Defendant was subsequently indicted for the instant offense on April 3, 2024.

## Analysis

In his motion, Defendant does not challenge the validity of the traffic stop. Instead, he argues that there was no probable cause to support a warrantless search of his vehicle based on Deputy Matera's claims regarding an odor of marijuana when, in point of fact, no marijuana was found in the vehicle. Defendant contends that because the search was illegal, all evidence derived from the search must be suppressed, including the DNA results.

"The Fourth Amendment protects individuals from unreasonable search and seizure." *United States v. Holt*, 777 F.3d 1234, 1256 (11th Cir. 2015); *see* U.S. Const. amend. IV. "A warrantless search of an automobile is constitutional if . . . there is probable cause to believe that it contains contraband or evidence of a crime." *United States v. Smith*, 596 F. App'x 804, 807 (11th Cir. 2015). Probable cause is based on the totality of the circumstances and must be viewed from the standpoint of an objectively reasonable police officer. *United States v. Roy*, 869 F.2d 1427, 1433 (11th Cir. 1989). The law is well-settled that an officer's detection of the odor of marijuana coming from a vehicle provides the officer with probable cause to search the vehicle. *See, e.g.*, *United States v. Johnson*, 445 F. App'x 311, 313 (11th Cir. 2011); *Smith*, 596 F. App'x at 807; *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (*en banc*).

Resolution of the issues presented by this motion boils down to a credibility determination. If the Court believes Deputy Matera's testimony regarding the odor of marijuana the motion must be denied. If the Court does not believe Deputy Matera's testimony the motion should be granted.

At the suppression hearing, the *only* witness who testified was Deputy Matera. Defendant argues that Deputy Matera's testimony, on its face, cannot be believed. He bases this argument mostly on two straightforward, common-sense points. First, Deputy Matera's claim he could smell the odor of marijuana coming from Defendant's vehicle during the pursuit – even though Defendant's windows were closed and both vehicles were traveling at a high rate of speed – is not

believable. Second, Deputy Matera's claim he could smell the odor of marijuana coming from Defendant's vehicle after it was stopped – even though absolutely no indication of marijuana whatsoever was found inside the spotlessly clean vehicle – is not believable.

Despite these seemingly straightforward and common-sense points, the Court finds Deputy Matera's testimony to be credible. Deputy Matera testified about his extensive training and experience with marijuana in his law enforcement career, which supports his credibility with respect to identifying the odor of marijuana. *See United States v. Clark*, 605 F. App'x 892, 895 (11th Cir. 2015). During his testimony, Deputy Matera was professional, calm, and courteous. *See United States v. Sims*, No. 9:19-cr-80106, 2019 WL 7879878, at *5 (S.D. Fla. Dec. 20, 2019) (finding testimony of officer credible in part because his demeanor was "honest, professional, and courteous"). Although there was no marijuana found in the vehicle to corroborate Deputy Matera's testimony that he detected the odor of marijuana, this fact neither defeats nor minimizes his credibility. The Court notes that Defendant did not present any testimony or evidence to contradict Deputy Matera's testimony. Had, for example, Defendant testified that he had nothing to do with marijuana whatsoever on the night in question, this may have been a much closer call.

While Deputy Matera's testimony that he could smell marijuana when he was driving behind the vehicle may seem like a stretch, there is no denying that marijuana has a very potent and distinct odor. Many drivers have, over the course

of their lives driving on the roads of Florida with their windows up, detected potent and distinct odors generated by things like skunks or wildfires. Viewed in that light, Deputy Matera's testimony does not seem particularly suspect. The Court certainly cannot say that his testimony is contrary to the laws of nature or otherwise so improbable that no factfinder could credit it. *See United States v. Smith*, 596 F. App'x 804, 807 (11th Cir. 2015) ("Even if we thought it would have been unlikely for the odor of marijuana in the trunk to be detectable from outside the car, which we need not decide, it is entirely possible that the marijuana was located in the passenger cabin immediately before [the officer] approached [the defendant], leaving a lingering odor. . . [N]othing about [the officer's] testimony . . . strikes us as contrary to the laws of nature, inconsistent, or improbable on its face.").

And perhaps more significantly, the Court finds that Deputy Matera testified credibly that he detected the strong and overwhelming odor of marijuana when he was within the close range of the vehicle during his conversation with Defendant. Upon first blush, the fact that no marijuana was found in the vehicle may seem suspect, but upon further consideration, the lack of physical evidence is not necessarily surprising. The Court is aware of certain practices such as "hotboxing," where people choose to smoke marijuana in closed spaces, like vehicles, for the purpose of repeatedly inhaling secondhand smoke.[1] If something like that had

---

[1] *See* Wikipedia, the Free Encyclopedia, Methods of Cannabis Smoking, available at https://en.wikipedia.org/w/index.php?title=Cannabis_smoking&oldid=1233489070 (Aug. 20, 2024). Hotboxing involves multiple persons smoking cannabis in an enclosed space, such as

taken place here, and the individual fully smoked all the marijuana and discarded whatever paraphernalia he was using to consume it, the fact that no physical evidence of marijuana was found in the vehicle would not be inconsistent with Deputy Matera's testimony.

Based on his credible testimony, Deputy Matera had a particularized and objective basis for believing that the vehicle contained marijuana. *See United States v. Green*, No. 3:20-cr-18/MCR, 2020 WL 4059721, at *6 (N.D. Fla. July 20, 2020). Therefore, considering the totality of the circumstances, the Court concludes that Deputy Matera possessed probable cause to support the search of the vehicle. Consequently, Defendant's "Motion to Suppress" is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 20th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

a car, with no way for smoke to escape. In addition to the primary smoke from the chosen smoking devices, secondhand smoke is repeatedly inhaled and exhaled.